UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LINDA FISHER, :
 :
    Plaintiff, : NOT FOR PUBLICATION
 : ORDER
    -against- :
 :
MARIE ANN O'BRIEN, ESQ. and : 09-CV-42 (CBA)(LB)
DAVIS & YOUNG, :
 :
    Defendants. :
 :
------------------------------------------------------------X
AMON, United States District Judge:

    Plaintiff brings this pro se action alleging that defendants violated The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and her due process rights under the Fifth and Fourteenth Amendments.  Plaintiff further alleges that defendants violated Ohio State Law by filing improper liens, extorting money, and causing plaintiff emotional distress.  Defendants have moved to dismiss plaintiff's complaint for lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted.  On June 18, 2009, this Court referred defendants' motion to the Honorable Lois Bloom, United States Magistrate Judge, for a Report and Recommendation ("R&R").  On March 9, 2010, Magistrate Judge Bloom recommended that this Court grant defendant's motion to dismiss for lack of personal jurisdiction and transfer plaintiff's claims under the FDCPA to the United States District Court for the Northern District of Ohio.  The Magistrate Judge declined to dismiss the case in its entirety for lack of subject matter jurisdiction or for failure to state a claim on the FDCPA claims.

    No objections were filed by the plaintiff.  Defendants filed an objection to the decision to transfer the case contending instead that it should be dismissed pursuant to Fed. R. Civ. P.

1

12(b)(6).  They do not challenge the reasoning of the Magistrate Judge in denying their motion, but rather raise an entirely new ground for dismissal; namely that plaintiff has no claim under the FDCPA because plaintiff's complaint should not be treated as an "initial communication" for purposes of 15 U.S.C. § 1692g(a), and defendants were therefore not required to comply with § 1692g.  This Court, however, declines to consider this argument.  "In this district and circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." Scientific Components Corp. v. Sirenza Microdevices, Inc., No. 03 Civ. 1851, 2006 WL 2524187, at *2 (E.D.N.Y. Aug. 30, 2006).

Defendants never argued before Magistrate Judge Bloom that plaintiff's complaint should fail as a matter of law because defendants were not required to comply with § 1692g.  Their argument was rather that the plaintiff was not a consumer within the meaning of the FDCPA. Defendants may not now raise new arguments that the magistrate judge did not have an opportunity to consider when drafting her R&R.  See, e.g., Green v. City of New York, No. 05 Civ. 429, 2010 WL 148128, at *4, 14 (E.D.N.Y., Jan. 14, 2010) (declining to consider an entirely new argument not raised before the magistrate judge, and alternatively rejecting the argument as meritless); Gonzalez v. Garvin, No. 99 Civ. 11062, 2002 WL 655164, at *2 (S.D.N.Y. Apr. 22, 2002) (dismissing a petitioner's objection "because it offer[ed] a new legal argument that was not presented in his original [habeas] petition [before the magistrate judge], nor in the accompanying Memorandum of Law"); Abu-Nassar v. Elders Futures, Inc., No. 88 Civ. 7906, 1994 WL 445638, at *4 n.2 (S.D.N.Y. Aug. 17, 1994) (construing plaintiff's arguments in his objections as "untimely" because they were not raised before the magistrate judge, and refusing to consider them because consideration of such claims would "undermine the authority of the

Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments").[1]

Finally, this Court has conducted a <u>de</u> <u>novo</u> review of Magistrate Judge Bloom's R&R. The Court finds that the Magistrate Judge properly found that there was no personal jurisdiction over the defendants, and that the plaintiff did not establish "state action" for purposes of her claims under 42 U.S.C. § 1983 and that those claims should be dismissed.

Accordingly, plaintiff's claims under 42 U.S.C. § 1983 are dismissed; her remaining claims under the FDCPA and the state law claims are hereby transferred to the United States District Court for the Northern District of Ohio.

SO ORDERED.

Dated: Brooklyn, New York
March 30, 2010

\_\_/s/_____
Carol Bagley Amon
United States District Judge

---

[1] Defendants, however, would not be barred from raising this argument in the transferee court.